BEAM, Circuit Judge,
concurring and dissenting.
I concur in the court’s holding that the district court’s rulings concerning Thomas’s interest in notice and opt-out procedures for the class are not final and ap-pealable. I dissent from the court’s ruling that matters concerning adequacy of representation by the class representative and class counsel are final and appealable.
The court concedes that the district court has certified this Federal Rule of *1027 Civil Procedure Rule 23(b)(3) class action and received from Smith a proposed notice as mandated by Federal Rule of Civil Procedure 23(c)(2), which notice is yet to be approved by the district court. The putative notice appears to encompass all requirements of Federal Rule of Civil Procedure 23(c)(2)(B)(i)-(vii).
The court notes that Thomas moves to intervene on the basis of rulings by the district court on two issues—the requirements for opting out of the class, and the adequacy of representation by the class representative and counsel. Accordingly, the court appears to agree that Thomas’s motion to intervene is based upon rulings by the district court concerning at least somewhat interrelated issues elucidated by the proposed notice. The court concludes that the adequate-representation issue is final and appealable but needs to be remanded “for further consideration” but that the opt-out procedure issue is not final—thus, not appealable.
It is my view, however, that neither of these issues are final and appealable. Accordingly, I would remand the appeals for want of jurisdiction as dictated by 28 U.S.C. § 1291.
I concede that circuit courts sometimes assert jurisdiction over only the final portion of an order where it disposes of more than one independent claim. For example, taking up qualified immunity but not Monell claims, e.g., Shannon v. Koehler, 616 F.3d 855, 866 (2010), and other cases where the issue of pendent appellate jurisdiction arises, e.g., Reid v. Doe Run Res. Corp., 701 F.3d 840, 844-45 (8th Cir. 2012) (motions for mandatory and discretionary stay); Thornton v. GM Corp., 136 F.3d 450, 453-54 (5th Cir. 1998) (severing portion of district court’s order imposing Rule 11 monetary sanctions from portion ordering payment of attorney’s fees). The Supreme Court appears to have endorsed this approach in Abney v. United States, 431 U.S. 651, 662-63, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977). However, in these and other eases the nonfinal portion of the order is generally one of two wholly separate claims, one categorically nonfinal. Here, by contrast, the nonfinal portion is part of the same conjugated assertion of intervention-of-right, and merely asserted slightly prematurely. In this circumstance, we should not reach the merits on the adequate-representation portion of the order and create opportunities for repetitious appeals in this and future cases.
In my view, the court presently has no appellate jurisdiction over any of the issues raised by Ms. Thomas. Thus, they should all be dismissed for want of jurisdiction by the court as mandated by 28 U.S.C. § 1291. See Mitchell v. Forsyth, 472 U.S. 511, 524-25, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985).